Roberta L. Steele, SBN 188198 (CA)
Damien A. Lee, SBN 430135 (DC)
U.S. Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone No. (650) 684-0939
Fax No. (415) 522-3425
roberta.steele@eeoc.gov

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff <br><br> v. <br><br> CAMPUSPOINT CORPORATION. AND VIEWPOINT, INC. <br><br> Defendants**.** | CIVIL ACTION NO. <br><br> **COMPLAINT** <br><br><br> JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et. seq.*, (ADA) to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Indigo Matthew who was adversely affected by such practices. The Equal Employment Opportunity Commission (EEOC) alleges that CampusPoint Corporation (CampusPoint), and Viewpoint, Inc. (Viewpoint), (collectively, Defendants), acting as joint employers, violated the ADA when they: (1) denied employment opportunities to Indigo Matthew, including the opportunity to interview for and be hired into a Product and Pricing Analyst position at Viewpoint; (2) failed to hire Matthew to work at

Viewpoint because of his disability; and (3) failed to provide reasonable accommodations that would have enabled him to interview for the Product and Pricing Analyst position and, ultimately, to work in that role.

<u>JURISDICTION AND VENUE</u>

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      Defendants committed the alleged unlawful employment practices in Portland, Oregon which is within the jurisdiction of the United States District Court for the District of Oregon.

<u>PARTIES</u>

3.      Plaintiff, U.S. the Equal Employment Opportunity Commission (the Commission or EEOC), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Viewpoint, Inc. has been a Delaware corporation continuously doing business in the City of Portland, Oregon and employing at least fifteen (15) employees.

5.      At all relevant times, Defendant, CampusPoint Corporation, has been a Washington corporation, registered with the State of Oregon, continuously doing business in the City of Portland, Oregon and employing at least fifteen (15).

6.      At all relevant times, CampusPoint and Viewpoint operated as joint employers with regard to individuals who CampusPoint hired onto its payroll and placed at Viewpoint to provide services.

7.      At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section

101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8.      At all relevant times, Defendants been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

9.      At all relevant times, Defendant CampusPoint Corporation has been a staffing agency that has recruited individuals to provide services for covered entities under the ADA, including Defendant Viewpoint.

10.     At all relevant times, both CampusPoint and Viewpoint controlled the terms and conditions of CampusPoint employees placed to work at Viewpoint, including, without limitation:

     a.   Viewpoint informed CampusPoint about vacancies it wanted to fill and controlled the necessary qualifications for the position.

     b.   CampusPoint posted vacancy announcements for Viewpoint positions, then recruited, screened, interviewed and recommended potential candidates to Viewpoint.

     c.   Viewpoint controlled whether to select or reject applicants. When Viewpoint selected applicants for its vacancies, CampusPoint hired them and placed them on the CampusPoint payroll.

     d.   Selectees worked at the Viewpoint facility and Viewpoint supplied equipment needed to perform the work, controlled the work location, scope of worker responsibilities during the placement, whether to hire a worker away from CampusPoint to become a Viewpoint employee and whether to terminate a worker's employment if Viewpoint was dissatisfied with their services.

     e.   Viewpoint approved worker timecards and invoiced CampusPoint for work performed.

     f.   CampusPoint controlled the payroll and paychecks for workers placed at Viewpoint.

11.     All of the acts and failures to act alleged herein were duly performed by and are attributable to both CampusPoint and Viewpoint.  Each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendant. Said acts and failures to act were within the scope of their agency and/or employment, and whenever or wherever reference is made in

1  this Complaint to any act by a Defendant or Defendants, such allegations and references shall also be
2  deemed to mean the acts, omissions and failures to act of each Defendant acting individually, jointly,
3  and/or severally.

4  <u>ADMINISTRATIVE PROCEDURES</u>

5       12.    More than thirty (30) days prior to the institution of this lawsuit, Charging Party
6  Indigo Matthew filed a charge of discrimination against Defendant CampusPoint with the EEOC
7  alleging that CampusPoint discriminated against him in violation of Title I of the ADA.

8       13.    More than thirty (30) days prior to the institution of this lawsuit, Charging Party
9  Indigo Matthew filed a charge of discrimination against Defendant Viewpoint with the EEOC
10  alleging that Viewpoint discriminated against him in violation of Title I of the ADA.

11       14.    The Commission provided Defendants notice of the charges of discrimination.

12       15.    By letters dated April 22, 2021, the Commission issued to Defendants
13  Determinations finding reasonable cause to believe that Defendants violated Title I of the ADA and
14  inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to
15  eliminate the discriminatory practices and provide appropriate relief.

16       16.    The Commission communicated with Defendants to provide Defendants the
17  opportunity to remedy the discriminatory practices described in the Determinations.

18       17.    The Commission was unable to secure from Defendants conciliation agreements
19  acceptable to the Commission.

20       18.    By letters dated August 19, 2021, the Commission issued to Defendants notice that
21  efforts to conciliate Mr. Matthew's charges were unsuccessful and that further conciliation efforts
22  would be futile or non-productive.

23       19.    All conditions precedent to the institution of this lawsuit have been fulfilled.

24  <u>STATEMENT OF CLAIMS</u>

25       20.    Since at least June 2018, Indigo Matthew (Matthew) has been a qualified individual
26  with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8), who
27  could perform the essential functions of Viewpoint's Product and Pricing Analyst position with or
28  without reasonable accommodation.

21. Since at least June 23, 2018, Defendants have engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5). Defendants discriminated against Matthew, a qualified individual with a disability, when they refused to provide accommodations during the hiring process, when they refused to hire him for a placement at Viewpoint because of his disability and/or because he would need accommodations, if hired to work at Viewpoint.

22. At all relevant times, Viewpoint met some operational needs of its Portland, Oregon facility by using workers provided by staffing agency, CampusPoint.

23. Matthew has profound hearing loss which substantially limits the major life activity of hearing.

24. In or around July 2018, Matthew applied through CampusPoint to work as a Product and Pricing Analyst (Analyst) at Viewpoint. After a pre-screening interview, and concluding that Matthew had the requisite background, skill, and experience for the Analyst position, CampusPoint's Recruiter referred Matthew to interview with Viewpoint.

25. On or around July 24, 2018, CampusPoint's Recruiter informed Viewpoint's hiring official that Matthew had a hearing impairment and could read lips one-on-one but would need an interpreter for group meetings.

26. On or around July 25, 2018, Viewpoint's hiring official interviewed Matthew by phone using a Video Relay Service. At the end of the meeting, the hiring official told Matthew that he planned to recommend that Viewpoint invite him for a group interview with the team.

27. Between July 24 and July 30, 2018, Defendants conferred with each other about who should absorb the cost of an ASL interpreter for Matthew. Both Defendants refused to pay for the ASL interpreter.

28. After learning that Matthew is disabled and would need an ASL interpreter for the Viewpoint group interview, Defendants erroneously assumed that Matthew would need a fulltime interpreter if he was hired for the Analyst position, although Matthew did not request a fulltime interpreter as an accommodation.

29.     Defendants did not engage with Matthew in an interactive process to determine the extent to which he needed an interpreter or other reasonable accommodations for the Analyst position.

30.     On or around July 30, 2018, Viewpoint informed CampusPoint that it had rejected Matthew's application because it could not accommodate his disability. CampusPoint acquiesced in Viewpoint's decision.

31.     On or around August 1, 2018, CampusPoint's recruiter informed Matthew that Viewpoint had eliminated him from consideration because of his request for an interpreter for the Viewpoint group interview. Matthew objected and asked to speak to someone in CampusPoint's Human Resources department. On or around August 3, 2018, Matthew met with CampusPoint's Chief Operating Officer (COO) by phone to protest the rejection of his candidacy. During the call, he informed CampusPoint's COO about various accommodations, such as Video Relay Services, Video Remote Interpreting, voice-to-text applications, and notetakers that could be effective and reasonable accommodations that would enable him to work as an Analyst.

32.     Defendants refused to consider the accommodations identified by Matthew and refused to reconsider the decision to reject his application.

33.     Defendants violated Section 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(b)(5)(A) by failing to provide an interpreter for Viewpoint's group interview and/or failing to provide reasonable accommodations that would have enabled Matthew to work at Viewpoint as an Analyst.

34.     Defendants violated Section 102(b)(5)(B) of Title I of the ADA, 42 U.S.C. § 12112(b)(5)(B) by denying Matthew job opportunities because he needed reasonable accommodations.

35.     On or around July 30, 2018, Defendants failed to hire Matthew because of his disability in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

36.     The effect of the practices complained of in paragraphs 20 through 35 above have been to deprive Matthew of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

37.    The unlawful employment practices complained of in paragraphs 20 through 35 above were and are intentional.

38.    The unlawful employment practices complained of in paragraphs 20 through 35 above were done with malice or with reckless indifference to Matthew's federally protected rights.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, agents, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability.

B.    Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendants to make whole Matthew by providing appropriate back pay with interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D.    Order Defendants to make whole Matthew by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 20 through 35 above, including past and future out-of-pocket losses, in amounts to be determined at trial.

E.    Order Defendant to make whole Matthew by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 20 through 35 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.    Order Defendants to pay Matthew punitive damages for their malicious and/or reckless conduct, as described in paragraphs 20 through 35 above, in amounts to be determined at trial.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

1    I.    Award the Commission its costs of this action.

2    <u>JURY TRIAL DEMAND</u>

3    The Commission requests a jury trial on all questions of fact raised by its complaint.

4    DATED this 28th day of September 2021.

5    ROBERTA L. STEELE
6    Regional Attorney

7    BY: <u>*/s/ Roberta L. Steele*</u>            GWENDOLYN YOUNG REAMS
     Roberta L. Steele                            Acting General Counsel
8    Regional Attorney

9    <u>*/s/ Damien A. Lee*</u>                    Office of the General Counsel
10   Damien A. Lee                                131 "M" Street NE
     Supervisory Trial Attorney                   Washington, D.C. 20507
11

12

13                        Attorneys for Plaintiff EEOC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on this date, I electronically filed the foregoing with the Clerk of

3    the Court using the CM/ECF system.

4

5    DATED this 28th day of September, 2021

6
                                                  */s/ Rebecca Eaton*
7                                                  REBECCA EATON
                                                   Paralegal Specialist
8                                                  EEOC Seattle Field Office
                                                   909 First Avenue, Suite 400
9                                                  Seattle, WA 98104-1061
                                                   Telephone: 206-576-3028
10                                                 Email: rebecca.eaton@eeoc.gov

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                    9